UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN L. PETEREC,

                 Plaintiff,

                 -against-

THE COUNTY OF SUFFOLK ATTORNEY,
THE COUNTY OF SUFFOLK, THE SUFFOLK
COUNTY CLERK, THE SUFFOLK COUNTY
POLICE DEPARTMENT, DETECTIVE FRANK
MURRAY (in both his official and individual capacity),
THE SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE, SUFFOLK COUNTY CLERK: JUDITH
PASCALE, JASON EDWARD TAUVERS (in both
his official and individual capacity), CHASE
INVESTMENT SERVICES, CORP.,

                 Defendants.
----------------------------------------------------------------X

MEMORANDUM & ORDER
13-CV-4104 (JFB) (WDW)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 16 2013 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On July 15, 2013, *pro se* plaintiff John L. Peterec ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Suffolk Attorney, the County of Suffolk, the Suffolk County Police Department, Detective Frank Murray ("Detective Murray") (in both his official and individual capacity), the Suffolk County District Attorney's Office, Suffolk County Clerk Judith Pascale, Jason Edward Tauvers ("Tauvers") (in both his official and individual capacity), and Chase Investment Services, Corp. ("Chase") (collectively "defendants"), along with an application to proceed *in forma pauperis*.

Upon review of plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed without prejudice and with leave to

pursue any valid claims that plaintiff may have in state court.

## I. BACKGROUND

Plaintiff's forty-three page, handwritten complaint is difficult to comprehend. Plaintiff has annexed to the complaint an additional 131 pages of exhibits. Taken together, the Court best understands the complaint to allege that plaintiffs' two sisters, Deborah Peterec and Lorraine Brudecki, appeared before a notary, defendant Tauvers, and allegedly forged plaintiff's name on a deed to effectively terminate plaintiff's one-third share of a certain parcel located in East Setauket, Suffolk County, that had been transferred to plaintiff and his two sisters from their parents. (Compl. at 12, 14-15, 17.)

Plaintiff contends that the Suffolk County Police and the Suffolk County Clerk refused to correct the situation and that "[t]he Suffolk D.A. Office conducted and ad-hoc, worthless investigation." (Compl. at 7, 15-16.) Detective Murray "refused to enforce the law" in that there was "more than enough evidence to arrest and prosecute" Tauvers but no such action was taken. (Compl. at 7, 12, 19-20.) With regard to Chase, plaintiff alleges that "each and every cause of action" against Tauvers "also applies to Chase." Plaintiff seems to claim that because Tauvers was employed by Chase at the time of the alleged wrong-doing, Chase is liable for "negligent hiring and retention." (Compl. at 30.)

For relief, plaintiff seeks to recover compensatory damages of totaling $900,000 from the County of Suffolk, Tauvers and Chase with an additional $1.5 million in exemplary damages from these defendants. (Compl. at 37-38.)

2

## II. DISCUSSION

A.  *In Forma Pauperis* Application

Upon review of the plaintiff's application, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

B.  Adequacy of the Pleadings

1. Legal Standard

Pursuant to Section 1915 of Title 28, a district court must dismiss an *in forma pauperis* complaint upon determining that the action is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *id.* § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Courts are required to liberally construe pleadings drafted by a *pro se* plaintiff. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), *aff'd*, 569 U.S. ----, 2013 WL 1628935 (Apr. 17, 2013); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005). However, a complaint must plead "enough facts to state

3

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While "detailed factual allegations" are not required, the federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *Id.* "If subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700-01; *see also* Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 513 n.10.

4

Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

2. Application

Here, the complaint alleges that this Court's subject matter jurisdiction arises under 28 U.S.C. § 1331 and 20 U.S.C. § 1681 *et seq.* (Compl. at 1.) Plaintiff also alleges that the Court has supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. For the reasons discussed below, the Court concludes that it lacks subject matter jurisdiction over this case.

a. Federal Question Jurisdiction

"A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513. Even given a liberal construction, plaintiff's complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Despite plaintiff's citation to 20 U.S.C. § 1681 *et seq.* and 42 U.S.C. § 1983, his allegations do not present a colorable federal claim for the reasons that follow.

i. Section 1681

Section 1681 *et seq.* prohibits discrimination in education on the basis of sex, blindness or visual impairment. *See* 20 U.S.C. §§ 1681, 1684. Given the nature of plaintiff's claims, title 20 of the United States Code has no application. Thus, as is readily apparent, plaintiff fails to allege a plausible federal claim under Section 1681 or 1684. Accordingly, those statutes do not

5

suffice to invoke this Court's subject matter jurisdiction based on the allegations contained in the complaint. *Arbaugh*, 546 U.S. at 513 n. 10 (explaining that a claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous'").

ii. Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Here, it appears that plaintiff seeks to allege a Section 1983 claim stemming from the alleged failure of the County law enforcement defendants to investigate plaintiff's complaint and to commence a prosecution against Tauvers and Chase. There is no constitutional right to compel law enforcement to undertake an investigation or to prosecute another individual. *See, e.g., Gelish v. Northshore Long Island Jewish Hospice Care Rehab Center*, 10-CV-

2021(JFB)(ETB), Order, May 6, 2010 at 6 n. 4 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Ostrowski v. Mehltretter*, 20 F. App'x 87, 91 (2d Cir. 2001) (holding that plaintiff lacked standing to bring a claim related to the prosecution of another person)) (additional citations omitted). Thus, the decision to commence a prosecution is within the sole discretion of the district attorney and private citizens have no constitutional right to compel a district attorney to so act. Therefore, plaintiff has not alleged a plausible Section 1983 claim so as to invoke the Court's jurisdiction. His non-cognizable claim is made solely for the purpose of obtaining jurisdiction.[1]

In sum, given the absence of any plausible federal claim (pursuant to Section 1681 or 1983), the Court lacks subject matter jurisdiction under Section 1331.

b. Diversity Jurisdiction

Given the liberal construction afforded to *pro se* complaints, the Court also considers whether there is a basis to invoke this Court's diversity subject matter jurisdiction. Plaintiff alleges that he is a New York resident and he seeks to sue, *inter alia*, New York municipalities

---

[1] In light of these pleading deficiencies, the Court has considered whether plaintiff should be given an opportunity to re-plead. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (emphasizing that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (citations and internal quotation marks omitted)); *see also* Fed. R. Civ. P. 15(a). However, for the reasons discussed *infra*, it is abundantly clear that any attempt by plaintiff to re-plead his Section 1681 and 1983 claims would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Re-pleading would thus be futile. Such a futile request should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied."). Plaintiff is therefore not afforded leave to re-plead his claims.

7

and/or law enforcement officials. (Compl. at 1, 4, 39.) It is, therefore, clear that complete diversity does not exist. Accordingly, plaintiff has failed to establish this Court's subject matter jurisdiction under Section 1332 as well.

## III. CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and for failure to state a plausible claim for relief pursuant to 28 U.S.C. § 1915A. Plaintiff may pursue any valid claims he may have against any defendant(s) in state court. The Clerk of the Court is directed to mail a copy of this Order to the plaintiff and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 16, 2013
Central Islip, New York